1  Andrew F. Halaby (#017251)
   David G. Barker (#024657)
2  Amanda Z. Weaver (#034644)
   SNELL & WILMER L.L.P.
3  One Arizona Center
   400 E. Van Buren, Suite 1900
4  Phoenix, Arizona 85004-2202
   Telephone: 602.382.6000
5  Facsimile: 602.382.6070
   E-Mail: ahalaby@swlaw.com
6         dbarker@swlaw.com
          aweaver@swlaw.com
7
   Becca J. Wahlquist (*pro hac vice*)
8  SNELL & WILMER L.L.P.
   Two California Plaza
9  350 South Grand Avenue, Suite 3100
   Los Angeles, California 90071
10 Telephone: 213.929.2500
   Facsimile: 213.929.2525
11 E-Mail: bwahlquist@swlaw.com

12 Attorneys for Defendants Isagenix International,
   LLC and Isagenix Worldwide, Inc.

13

14

15                    IN THE UNITED STATES DISTRICT COURT

16                          FOR THE DISTRICT OF ARIZONA

17

| | |
|---|---|
| Mary Thompson, | No. 2:18-CV-04599-PHX-SPL |
| Plaintiff, | |
| v. | **JOINT MOTION AND STIPULATION FOR ENTRY OF PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION** |
| Isagenix International, LLC & Isagenix Worldwide, Inc., | |
| Defendants. | |

Plaintiff Mary Thompson and Defendants Isagenix International, LLC & Isagenix Worldwide, Inc. (collectively, "Isagenix"), stipulate to, and jointly request that the Court enter the proposed protective order submitted in connection with this joint motion to protect as confidential certain specific information.

1  The parties agree that entry of the Protective Order is necessary because some
2  information subject to discovery in this case—by the parties and third parties—is alleged
3  to include trade secrets, customer information, and sensitive commercial, financial,
4  technical and/or proprietary information for which special protection is warranted from
5  public disclosure and from use for any purpose other than prosecution of this action.

6  More specifically, and by way of example, Plaintiff has sought in discovery
7  documents related to confidential business information of Isagenix and third parties,
8  including proprietary computer source code relating to Isagenix's sending of text
9  messages. [*See, e.g.*, Plaintiff's Second Requests for Production.]  The source code is
10 protectable as a trade secret.  *See, e.g.*, *GoDaddy.com, LLC v. RPost Commc'ns Ltd.*, No.
11 CV-14-00126-PHX-JAT, 2016 WL 3068638, at *4 (D. Ariz. June 1, 2016) ("[T]he Court
12 finds that compelling reasons exist for sealing the document as source code falls squarely
13 within the realm of a trade secret."); *Apple, Inc. v. Samsung Elecs. Co., Ltd.*, 2012 WL
14 6115623, at *2 (N.D. Cal. Dec. 10, 2012) (sealing declaration that "consist[ed] entirely of
15 Samsung's source code" because it "clearly meets the definition of a trade secret" and
16 sealing portions of another declaration that "reproduce[d] or discuss[ed] in any detail
17 Samsung's confidential source code").

18 Similarly, Isagenix's contract and communications with its third-party text message
19 provider are confidential business information subject to protection.  *See, e.g.*, *In re Elec.*
20 *Arts, Inc.*, 298 Fed. App'x 568, 569 (9th Cir. 2008) (finding that "the pricing terms,
21 royalty rates, and guaranteed minimum payment terms found in" a licensing agreement
22 were "information that plainly falls within the definition of 'trade secrets'" and subject to
23 sealing even when considering the presumption for public disclosure); *see id.* ("A 'trade
24 secret may consist of any . . . compilation of information which is used in one's business,
25 and which gives him an opportunity to obtain an advantage over competitors who do not
26 know . . . ." (quoting Restatement of Torts § 757, cmt. b)); *see also Nixon v. Warner*
27 *Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) ("[T]he right to inspect and copy judicial
28 records is not absolute," and, "the common-law right of inspection has bowed before the

1  power of a court to insure that its records are not used . . . as sources of business
2  information that might harm a litigant's competitive standing.").

3        Finally, Isagenix's customer data and information is confidential business
4  information, and Isagenix has a substantial interest in protecting the confidentiality of its
5  customers' data and information from the general public, competitors, and potential
6  competitors. *See, e.g.*, *NLRB v. CEMEX, Inc.*, No. 2:09-CV-2546-PHX-JAT, 2009 WL
7  5184695, at *1 (D. Ariz. Dec. 22, 2009), *as amended* (Feb. 1, 2010) (finding entry of
8  protective order appropriate to shield customer information and that there would be "harm
9  absent a protective order"); *see also TriQuint Semiconductor, Inc. v. Avago Techs. Ltd.*,
10 No. CV 09-1531-PHX-JAT, 2011 WL 5190264, at *2 (D. Ariz. Nov. 1, 2011) (holding
11 protection of customer identities appropriate in granting motion to seal); *Torres v.
12 Goddard*, No. CV06-2482-PHX-SMM, 2009 WL 981077, at *1 (D. Ariz. Apr. 10, 2009)
13 (granting motion to seal where customer "names or other personal or contact information"
14 were also designated "Confidential" under protective order).

15       The parties conferred and agreed to the form of the protective order, which the
16 parties believe will provide sufficient protection regarding the currently identified
17 confidential information, and which sets forth the framework to seek a protective order
18 when additional protectable documents are identified. Accordingly, so that discovery may
19 proceed promptly, the parties respectfully request that the Court enter the proposed
20 stipulated protective order submitted with this motion.

1     DATED this 12th day of March, 2020.

2   SNELL & WILMER L.L.P.                  THORPE SHWER, P.C.

By: *s/David G. Barker*               By: *s/Nicholas Armstrong (with permission)*

Andrew F. Halaby                     William Thorpe
David G. Barker                       Ryan Patterson
Amanda Z. Weaver                3200 North Central Avenue, Suite 1560
One Arizona Center                Phoenix, Arizona 85012.
400 E. Van Buren, Suite 1900
Phoenix, Arizona  85004-2202       Nicholas Armstrong (*pro hac vice*)
                                                Jacob Michael Tubbs (*pro hac vice*)
Becca J. Wahlquist (*pro hac vice*)    Garrett Owens (*pro hac vice*)
Two California Plaza                PRICE ARMSTRONG
350 South Grand Avenue, Suite 3100   2226 First Avenue South
Los Angeles, California 90071       Birmingham, Alabama 35233
Telephone:  213.929.2500
Facsimile:  213.929.2525            *Attorneys for Plaintiff*
 E-Mail: bwahlquist@swlaw.com

*Attorneys for Defendants Isagenix International, LLC and Isagenix Worldwide, Inc.*

**CERTIFICATE OF SERVICE**

    I hereby certify that on March 12, 2020, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants on record.

By: s/ Noell Kellers