UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Mary Thompson,<br><br>            Plaintiff,<br><br>   v.<br><br>Isagenix International, LLC; Isagenix Worldwide, Inc.,<br><br>            Defendants. | No. 2:18-CV-04599-PHX-SPL<br><br>**[PROPOSED] PROTECTIVE ORDER** |

This matter is before the Court on the parties' Joint Motion and Stipulation for Entry of Protective Order Regarding Confidential Information.

Upon review by the Court, and pursuant to the agreement of the parties,

**IT IS ORDERED** that the Joint Motion is **GRANTED**.

The parties to this Protective Order have agreed to the terms of this Order, and the Court finds good cause for entry of this Order because *certain, specific information subject to discovery in this case*—by the parties and third parties—is alleged to include trade secrets, customer information, and sensitive commercial, financial, technical and/or proprietary information for which special protection is warranted from public disclosure and from use for any purpose other than prosecution of this action. Such alleged confidential and proprietary materials and information may consist of, among other things, information alleged to constitute trade secrets, confidential business or financial information,

information regarding confidential business practices, or other confidential development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.

Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information that the parties (and third parties) are entitled to keep confidential, to ensure that the parties are permitted reasonably necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and to serve the ends of justice, a protective order *for the specified information* is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

Further, as set forth below in paragraph 8, the parties further acknowledge that this Protective Order does not entitle them to file confidential information under seal. Moreover, as set forth below in paragraph 3, only information specifically listed in this Order may be designated as Confidential Information, and the Order may be modified to include additional information, subject to the Court's approval, as set forth below in paragraphs 10 and 16.

Accordingly, **IT IS FURTHER ORDERED** as follows:

**1.     Scope.**  All materials produced in this proceeding by either party to the other before the entry of this Order or in the course of this action, including without limitation responses to Mandatory Initial Discovery Pilot requests, disclosure statements, responses to discovery requests, deposition testimony and exhibits, and information derived therefrom (hereinafter collectively "documents"), are subject to this Order concerning Confidential Information as defined below. This Order shall apply to the parties and any nonparty from

whom discovery in this proceeding may be obtained and who desires the protection of this Order. This Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods. This Order shall not impose obligations or have any effect regarding Confidential Information that is separately produced, discovered, or compelled in any manner in any other proceeding, including any proceeding before any other court.

**2.     Confidential Information.**

As used in this Order, "Confidential Information" means information produced and designated in this proceeding as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" by the producing party that falls within one or more of the following categories: (a) information prohibited from disclosure by statute; (b) information that reveals trade secrets; and (c) confidential research, development, commercial or financial information within the meaning of Fed. R. Civ. P. 26(c)(1)(G). Information or documents that are available to the public may not be designated as Confidential Information.

**3.     Specific Confidential Information Designated Under this Order.**

The parties may designate only the following as Confidential Information under this Order, subject to further modification by the Court:

    a. Isagenix's contract with its third-party text message provider, Txtwire.
    b. Source code relating to text messages Isagenix sends, including through Txtwire.
    c. Internal Isagenix documents and communications.
    d. Isagenix's customer data and information.
    e. Isagenix's communications with its third-party text message provider, Txtwire.

Designation of these documents as Confidential Information is independent from whether these or future similar documents are otherwise discoverable under Fed. R. Civ. P. 26(b)(1).

**4.    Designation.**

(a) A party or third-party may designate ("Designating Party") an approved document as set forth in paragraph 3 as Confidential Information for protection under this Order by placing or affixing the words "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" on each page of the document and on all copies in a manner that will not interfere with the legibility of the document. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential Information. Subject to paragraph 6 below and except for documents produced by either party before the entry of this Order (which may be retroactively designated within 30 days after entry of this Order), the marking "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" must be applied before or at the time of the documents are produced or disclosed. Any copies that are made of any documents marked "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" must also retain that marking, except that indices, electronic databases or lists of documents that do not contain substantial portions or images of the text of marked documents, and do not otherwise disclose the substance of the Confidential Information, are not required to be marked. Anything that cannot be so labeled or marked on its face must be designated as Confidential by placing the appropriate legend on the container or package in which it is produced or on a tag attached thereto. Copies of such documents and materials that have been designated as Confidential, as well as abstracts, summaries, information, or notes derived from such designated documents and materials, shall also be deemed Confidential and subject to the same terms of this Order as apply to the originals of such designated documents and materials. Applying the marking "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.

(b) Any party may designate information as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" if the information is Confidential Information as described in paragraphs 2

and 3, and in the reasonable and good faith belief of the producing party, the information is among that considered so highly sensitive that its disclosure to another party or a non-party could result in significant competitive or commercial disadvantage to the producing party.

(c) Unless all parties agree on the record at the time the deposition testimony is taken, all deposition testimony taken in this case must be treated as Confidential Information until the earlier of 30 days after the transcript is delivered to any party or the witness, or 60 days after the testimony was given. Within this time period, a party may serve a Notice of Designation to the reporter and all counsel of record as to specific pages and lines of the testimony that are designated Confidential Information, (i) consistent with testimony concerning the documents specified in paragraph 3 as designated "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY," or (ii) that are presented in a proposed modification to this Order to include additional testimony as Confidential Information, in both of which cases all counsel shall cause the pages and lines of testimony so designated to be marked as Confidential Information on their respective copies of the deposition transcripts. Thereafter only those portions identified in the Notice of Designation will be protected under this Order. The failure to serve a timely Notice of Designation waives any designation of testimony taken in that deposition as Confidential Information, unless otherwise ordered by the Court.

**5.     Protection of Confidential Information.**

(a) **General Protections.**  Confidential Information shall not be used or disclosed by the parties, counsel for the parties, or any other persons identified in subparagraphs (b) and (c) for any purpose whatsoever other than for use in this litigation, including any appeal thereof, or in accordance with an order of another court holding jurisdiction over the parties or counsel for the parties or any other persons identified in subparagraphs (b) and (c), and shall not be used or disclosed for any business or competitive purpose, except by written consent of the parties or order of the Court.

(b) **Limited Disclosure of Information Designated as "CONFIDENTIAL."** Information designated as "CONFIDENTIAL" shall not be viewed, disclosed, or used by anyone except the persons identified in clauses (1)-(9) below of this subparagraph (b):

(1) **Counsel of Record.** Counsel of record who have appeared in this action on behalf of a party, in-house counsel for the parties, and other attorneys, paralegals, secretaries, other support staff of counsel of record that are affiliated with law firms which have appeared on behalf of that party or are otherwise agreed to by the parties in writing.

(2) **Parties.**

For Plaintiffs: Mary Thompson/Mary Stewart Nelson.

For Defendants: Isagenix International, LLC and Isagenix Worldwide, Inc.

(3) **The Court and its personnel.**

(4) **Court Reporters and Recorders.** Court reporters, videographers and their staffs engaged for depositions.

(5) **Contractors.** Persons specifically engaged for the limited purpose of making copies of documents, organizing or processing documents, or creating visual or audiovisual materials for use in the litigation, including without limitation vendors hired to process electronically stored documents, and other litigation support personnel (*e.g.,* graphic designers and animators, database entry personnel).

(6) **Consultants and Experts.** Subject to paragraph 5(d) below, consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action, but only after such persons have completed the certification contained in **Attachment A**, Acknowledgment and Agreement to Be Bound.

(7) **Witnesses at depositions.** During their depositions, witnesses in this action to whom disclosure is reasonably necessary. Witnesses may not retain a copy of documents containing Confidential Information, except witnesses

may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts. Such witnesses shall be informed that they shall not copy any exhibit marked Confidential and shall return all such exhibits to counsel for the producing party. Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential Information pursuant to the process set out in this Order must be separately designated by the court reporter and may not be disclosed to anyone except as permitted under this Order.

(8) **Author or recipient.** The author or recipient of the document (not including persons who received the document in the course of litigation).

(9) **Others by Consent.** Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

(c) **Limited Third-Party Disclosures of Information Designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY."** Information designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall not be viewed, disclosed, or used by anyone except the persons identified in clauses (1)-(7) below of this subparagraph (c):

(1) **Counsel of Record.** Counsel of record who have appeared in this action on behalf of a party, in-house counsel for the parties, and other attorneys, paralegals, secretaries, other support staff of counsel of record that are affiliated with law firms which have appeared on behalf of that party or are otherwise agreed to by the parties in writing.

(2) **The Court and its personnel.**

(3) **Court Reporters and Recorders.** Court reporters, videographers and their staffs engaged for depositions.

(4) **Contractors.** Persons specifically engaged for the limited purpose of making copies of documents, organizing or processing documents, or creating visual or audiovisual materials for use in the litigation, including

without limitation vendors hired to process electronically stored documents, and other litigation support personnel (*e.g.,* graphic designers and animators, database entry personnel).

(5) **Consultants and Experts.** Subject to paragraph 5(d) below**,** consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action, but only after such persons have completed the certification contained in **Attachment A**, Acknowledgment and Agreement to Be Bound.

(6) **Witnesses at depositions.** During their depositions, witnesses in this action to whom disclosure is reasonably necessary and (a) to whom the Disclosing Party has agreed, in advance of the deposition, may view the Confidential Information, or (b) who otherwise is entitled under this Agreement to view the information designated CONFIDENTIAL – ATTORNEYS' EYES ONLY. Witnesses may not retain a copy of documents containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts. Such witnesses shall be informed that they shall not copy any exhibit marked CONFIDENTIAL – ATTORNEYS' EYES ONLY and shall return all such exhibits to counsel for the producing party. Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential Information pursuant to the process set out in this Order must be separately designated by the court reporter and may not be disclosed to anyone except as permitted under this Order.

(7) **Author or recipient.** The author or recipient of the document (not including persons who received the document in the course of litigation).

(8) **Others by Consent.** Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

(d) **Control of Documents.** Counsel for the parties and the persons identified in subparts 1-2, 4-7, and 9 of paragraph 5(b) and in subparts 1, 3-5, and 7 of paragraph 5(c) above must make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential Information. Counsel must maintain the originals of Attachment A signed by persons acknowledging their obligations under this Order until the earlier of one year after the termination of the case, or the date on which the disclosing party informs them that the Confidential Information is either publicly known or no longer treated as confidential or a trade secret by the disclosing party. Any contractor described in paragraph 5(b)(5) or 5(c)(4) who is processing Confidential Information on behalf of a party shall return to the party's counsel all hard copies of such Confidential Information as soon as it has been processed by the contractor. Within 10 business days of receipt of notice of the conclusion of the litigation, such contractor shall return all Confidential Information to the party's counsel and shall certify in writing that all such Confidential Information has been permanently removed from the contractor's electronic storage or other facilities, although the foregoing will not be required of any copy of Confidential Information automatically generated as a computer back-up or archival copies generated in the ordinary course of the contractor's information technology systems procedures, but only insofar as the contractor makes no further use of those copies.

**6.** **Inadvertent Failure to Designate.** An inadvertent failure to designate a document as Confidential Information does not, standing alone, waive the right to so designate the document by seeking leave of Court to modify this Order; provided, however, that a failure to serve a timely Notice of Designation of deposition testimony as required by this Order, even if inadvertent, waives any protection for deposition testimony, unless otherwise ordered by the Court for good cause shown. A producing party or non-party that inadvertently failed to designate a document or item as containing Confidential Information at the time of production shall serve written notice thereof, accompanied by substitute copies of each document or item appropriately marked "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" (the "Re-designated Confidential

Information"). Upon receipt of such notice and properly marked documents or items, the receiving party ("Receiving Party") shall, from that point forward, treat Re-designated Confidential Information consistent with the re-designation, until a proposed modification of this Order may be presented to the Court to include such documents. All previously undesignated and unmarked Confidential Information that is identified in the notice as Re-designated Confidential Information shall be promptly destroyed (in which case counsel for the Receiving Party shall provide written certification to the Designating Party of such destruction), or returned to the producing party, and any memoranda or work product derived therefrom shall be treated as containing Confidential Information.  The failure to maintain the confidentiality of undesignated Confidential Information before it was designated as such shall not be deemed a violation of this Order.

**7.     Unauthorized Disclosure**.    Should any Confidential Information be disclosed, through inadvertence or otherwise, by the Receiving Party to any person not authorized under this Protective Order, then the Receiving Party shall (a) use its best efforts to retrieve such Confidential Information and to bind such person to the terms of this Order; (b) within 3 business days of the discovery of such disclosure, inform such person of all provisions of this Order and request such person to sign the Acknowledgement and Agreement to Be Bound in the form attached as Attachment A; and (c) within 5 business days of the discovery of such disclosure, inform the producing party of all pertinent facts relating to such disclosure, including the identity of such persons to whom Confidential Information was disclosed, and the specific Confidential Information disclosed. The parties shall comply with Fed. R. Civ. P. 26(b)(5)(B) with respect to any inadvertent production or disclosure of any document or thing (including information) otherwise protected by the attorney-client privilege, work-product immunity, or other privilege or immunity.

**8.     Filing Confidential Information.**  This Order does not, by itself, authorize filing any document under seal. Any party wishing to file Confidential Information in connection with a motion, brief or other submission to the Court must comply with Fed. R. Civ. P. 26(c) and LRCiv 5.6.  Upon a reasonable request from the receiving party, the

designating party shall stipulate to such documents being filed under seal in accordance with LRCiv. 5.6(d).

**9.     No Greater Protection of Specific Documents.** Except on privilege grounds not addressed by this Order, no party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an order providing such special protection.

**10.    Modification of this Order to Designate Additional Confidential Information.**

(a)    **Stipulation.** Any Party that wishes to modify this Order to designate additional documents as Confidential Information shall work together with the other Party to present an appropriate stipulation to the Court that seeks a modification of this Order.

(b)    **Meet and Confer.** If a party disagrees that a document should be designated under this Order, the parties shall, within seven calendar days of a request for a stipulation under paragraph 10(a), make sincere efforts to resolve the matter through personal consultation (in person or by telephone). If the challenge to the designation cannot be resolved despite sincere efforts to resolve the matter through personal consultation, the parties shall raise the issue with the Court in accordance with the procedures set forth in the Court's Scheduling Order for resolution of discovery disputes.

(c)    The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the producing party's designation until the Court rules on the challenge.

**11.    Use of Confidential Documents or Information at Hearings or Trial.** The parties shall meet and confer in good faith to establish procedures for the use of Confidential Information at a hearing or at trial. In the absence of an agreement, a party that intends to present Confidential Information at a hearing or trial must bring that issue to the Court's and the Designating Party's attention by motion or in a pretrial memorandum without

disclosing the Confidential Information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial. Nothing in this Order shall preclude any party from moving the Court to close the courtroom, seal exhibits, or transcripts in order to preserve the confidential nature of Confidential Information used at a hearing or trial.

**12.    Confidential Information Subpoenaed or Ordered Produced in Other Litigation.**

(a) If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure by the Receiving Party of Confidential Information received from a Designating Party or non-party, the Receiving Party must so notify the Designating Party, in writing by email or facsimile on or before the date 3 court days after date on which the subpoena or order was received. Such notification must include a copy of the subpoena or court order.

(b) The Receiving Party also must promptly inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is designated as Confidential Information under this Order. In addition, the Receiving Party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

(c) The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the Designating Party in this case an opportunity to try to protect its designated Confidential Information in the court from which the subpoena or order issued. The Designating Party will bear the burden and the expense of seeking protection in that court of its Confidential Information; nothing in this Order may be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court; and nothing in this Order is intended to prevent a Receiving Party from acting in accordance with a subpoena or order issued by another court. The obligations set forth in this paragraph remain in effect while the Receiving Party has in its

possession, custody, or control Confidential Information produced by the Designating Party or non-party.

**13.  Obligations on Conclusion of Litigation.**

(a)  Unless otherwise agreed in writing signed by counsel of record or ordered for good cause shown, this Order will remain in force after dismissal or entry of final judgment not subject to further appeal.

(b) Within 90 days after dismissal or entry of final judgment not subject to further appeal, and upon notice from the producing party, all Confidential Information, including copies as defined in paragraph 4(a), must be returned to the producing party or destroyed unless such Confidential Information has been offered into evidence or filed without restriction. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Confidential Information.  Any such archival copies that contain or constitute Confidential Information remain subject to this Order.

(c) The termination of employment of any person with access to Confidential Information shall not relieve such person from the obligation of maintaining the confidentiality of such information in accordance with this Order.

**14.  No Prior Judicial Determination.**  This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein may be construed or presented as a judicial determination that any Confidential Information, other than the Confidential Information set forth in paragraph 3 (including amendments thereto), is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

**15.  No Admission by Receiving Party.**  Nothing in this Order or the consent of any party hereto shall be construed as an admission by a Receiving Party that any

information a Designating Party designates as Confidential Information is in fact Confidential Information. Nor shall any failure or forbearance by a Receiving Party to challenge a designation or re-designation of information by a Designating Party as Confidential Information be construed as an admission by the Receiving Party that the information is in fact Confidential Information.

**16.  Persons Bound.**  This Order will take effect when entered and will be binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

**17.  Modification.**  This Order may be modified by agreement of the parties, subject to approval by the Court.  The Court may also modify the terms and conditions of this Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mary Thompson,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>Isagenix International, LLC; Isagenix Worldwide, Inc.,<br><br>　　　　　Defendants. | No. 2:18-CV-04599-PHX-SPL<br><br>**ATTACHMENT A TO STIPULATED PROTECTIVE ORDER**<br><br>**<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>** |

　　　　The undersigned hereby acknowledges that s/he read the Protective Order entered in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court, District of Arizona, in matters relating to the Protective Order and understands that the terms of the Protective Order obligate him/her to use materials designated as Confidential Information in accordance with the Protective Order solely for the purposes of the above-captioned action, and not to disclose any such documents or information derived therefrom to any other person, firm or concern.

　　　　The undersigned acknowledges that violation of the Protective Order may result in, without limit, penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

_____

Date: _____  _____
                                     Signature