**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mary Thompson,<br><br>                Plaintiff,<br>vs.<br><br>Isagenix International, LLC, et al.,<br><br>                Defendants. | No. CV-18-04599-PHX-SPL<br><br>**ORDER** |

Before this Court is Plaintiff Mary Thompson's Motion to Alter and Amend Order and Judgment ("Motion") filed pursuant to F. R. of Civ. P. ("Rule") 59. (Doc. 58) The motion relates to the Court's March 24, 2020 Order granting Defendants' Motion to Dismiss. (Doc. 56) The Motion has been fully briefed and is ready for consideration. (Docs. 63, 65) For the following reasons, the Motion is denied.[1]

### I.   BACKGROUND

On December 10, 2018, Plaintiff brought an action pursuant to 47 U.S.C. § 227, the Telephone Consumer Protection Act, seeking statutory damages. (Doc. 1) Defendants moved to dismiss Plaintiff's case on September 4, 2019, under Rule 12(b)(1) for lack of subject matter jurisdiction, arguing that an arbitration agreement clause governs Plaintiff's claim. (Doc. 26) This Court granted Defendants' motion on March 24, 2020. (Doc. 56)

---

[1] Because it would not assist in resolution of the instant issues, the Court finds the pending motion is suitable for decision without oral argument. See LRCiv. 7.2(f); Fed. R. Civ. P. 78(b).

Plaintiff filed this Motion on April 21, 2020. (Doc. 58)

## II.  LEGAL STANDARDS

Reconsideration is disfavored and "appropriate only in rare circumstances." *WildEarth Guardians v. United States Dep't of Justice*, 283 F.Supp.3d 783, 795 n.11 (D. Ariz. June 21, 2017); *see also Bergdale v. Countrywide Bank FSB*, No. CV-12-8057-PCT-SMM, 2014 WL 12643162, at *2 (D. Ariz. May 23, 2014) ("[Reconsideration] motions should not be used for the purpose of asking a court to rethink what the court had already thought through-rightly or wrongly."). A motion for reconsideration is best used when the Court is "(1) presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust or (3) if there is an intervening change in controlling law." *School Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). "The motion to reconsider would be appropriate where, for example, the court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the court by the parties, or has made an error not of reasoning but of apprehension … Such problems rarely arise and the motion to reconsider should be equally rare." *Defs. of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995) (internal citations omitted). "A Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation*." Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

## III.  DISCUSSION

Plaintiff contends that the Order granting Defendants' Motion to Dismiss was made in clear error. (Doc. 58 at 1) To support her Motion, Plaintiff includes exhibits containing evidence previously available to her, cites case law she previously ignored, and raises new arguments improperly. A motion for reconsideration is not a vehicle to introduce fresh material to bolster a case; it is intended for use in rare circumstances. *Kona*, 229 F.3d at 890. Plaintiff has failed to meet her burden under Rule 59(e).

Plaintiff argues that the Court improperly considered evidence that the Defendants filed with their Motion to Dismiss. (Docs. 26 and 27) Her position is that Defendants failed

to show proper evidence of notice to Plaintiff of the policies and procedures ("P&Ps") that included the arbitration clause at issue here. (Doc. 58 at 3–4) Plaintiff argues that the Court should not have considered Defendants' affidavits, but she is incorrect. (Doc. 58 at 3, Doc. 65 at 3) When deciding whether a valid arbitration clause exists, courts may consider evidence outside the pleadings. *Nguyen v. Barnes & Noble, Inc.*, 2012 WL 3711081, at *2 (C.D. Cal. Aug. 28, 2012), *aff'd*, 763 F.3d 1171 (9th Cir. 2014).[2] Had Plaintiff properly presented additional evidence in her Response to the Defendants' Motion, the Court would have considered it, too. (Doc. 56 at 7) Now, Plaintiff brings new evidence in the form of screenshots from Defendants' website. (Doc. 58-1) This evidence is improper because the website was available to Plaintiff at the time the Motion to Dismiss was being briefed. It is not a new fact that could change the outcome of the case; it always existed. The Court will not reconsider its decision on the notice issue based on newly brought evidence that could have been previously submitted.

Plaintiff also cites case law she previously disregarded to now support her arguments for reconsideration. (Doc. 58 at 5) The case in question, *Nguyen v. Barnes & Noble, Inc.*, 763 F.3d 1171 (9th Cir. 2014), was initially discussed in the Motion to Dismiss briefings, (Doc. 39 at 8) where Plaintiff stated the *Nguyen* court's decision was of limited usefulness because her case did not concern a browsewrap agreement. Plaintiff now, in contradiction to her original argument, claims *Nguyen* should be interpreted in her favor because the agreement is, in fact, a browsewrap agreement. (Doc. 39 at 8, n.5; Doc. 58 at 5–6) Such an argument is improper in a motion for reconsideration because the case is not a new development in the law. Furthermore, the Plaintiff cannot simply recharacterize the issue to get around the Order granting the Motion to Dismiss. *See Curreri v. Babeu*, No. CV 09-0630-PHX-JAT, 2012 WL 5361007, at *2 (D. Ariz. Oct. 31, 2012) (internal quotations omitted) ("A motion for reconsideration is not to be used to correct briefing deficiencies in the prior motion."); *see also Shinwari v. Raytheon Aircraft Co.*, 25 F. Supp.

---

[2] Indeed, Plaintiff cites to this same case in her Motion, but argues that instead the court should not have considered the evidence. (Doc. 58 at 3)

2d 1206, 1208 (D. Kan. 1998) ("A motion to reconsider is not a second chance for the losing party to make his strongest case or to dress up arguments that previously failed.")

Plaintiff further argues that the Court improperly considered arguments Defendants made for the first time in their Reply in support of their Motion to Dismiss. (Doc. 58 at 6–8) While it is true that a party may not offer entirely new arguments in their reply, parties are permitted to respond to arguments brought up in opposition. These are known as rebuttal arguments. *Rawls v. Maricopa Cnty.*, No. CV-10-231-PHX-GMS, 2010 WL 2927309, at *1 (D. Ariz. July 23, 2010). Here, Defendants argued in their Motion to Dismiss that Plaintiff consented to be bound by the P&Ps by using the Isagenix platform, both by enrolling through a sponsor and placing orders. (Doc. 26 at 4) Plaintiff responded that she did not consent because she had not used the platform to enroll herself. (Doc. 39 at 5) Defendants replied, reiterating their argument that Plaintiff consented by the enrollment through the sponsor and by using the platform to place orders, then further explained the ordering process. (Doc. 43 at 4–5) Though the arguments in the reply contain more details, they are the same basic assertions. Thus, the Court did not err in considering the assertions in Defendants' Reply when it granted Defendants' Motion to Dismiss.

Finally, Plaintiff's arguments that the issue of her consent to communication is outside the scope of the arbitration clause are improper. It is Plaintiff's position that the consent to communications clause in the agreement cannot be covered by the arbitration clause because it does not outlast the relationship. (Doc. 58 at 8–9) The Court already ruled on this issue when it found the arbitration clause does in fact outlast the relationship between the parties, and that all claims arising out of the P&Ps, including claims relating to communications, were covered by the arbitration clause. (Doc. 56 at 9–10) Plaintiff is trying to make an artificial distinction between two parts of the same agreement, saying that because her consent to communicate expired, the claims arising from that consent are no longer part of the contract containing the arbitration clause. (Doc. 58 at 9) In effect, Plaintiff is merely disagreeing with the Court on contract interpretation. She fails to show clear error. Plaintiff uses the same logic to argue that her claims are subject to class

arbitration, not individual arbitration. Those arguments are improperly brought for the same reasons; Plaintiff cannot ask the court to "rethink what [it] already thought through." *Bergdale*, 2014 WL 12643162, at *2.[3]

For the foregoing reasons,

**IT IS ORDERED** that Plaintiffs' Motion to Alter and or Amend Order and Judgment (Doc. 58) is **denied**.

**IT IS FURTHER ORDERED** that this matter shall remain closed.

Dated this 22nd day of September, 2020.

> Honorable Steven P. Logan
> United States District Judge

---

[3] Because the Court denies the Motion for Reconsideration, the Court further declines to address Plaintiff's requests to open discovery and arbitrate the matter on a class basis.